UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE MID CENTRAL OPERATING ENGINEERS HEALTH & WELFARE FUND, BOARD OF TRUSTEES OF THE CENTRAL PENSION FUND OF THE I.U.O.E. AND PARTICIPATING EMPLOYERS, BOARD OF TRUSTEES OF THE I.U.O.E. LOCAL 841 APPRENTICESHIP AND TRAINING TRUST AND THE BOARD OF THE 841 QUALIFIED SAVINGS PLAN, | ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 2:09-cv-88-WGH-RLY ) |
| PERFORMANCE CONCRETE PUMPING, INC., | ) ) |
| Defendant. | ) |

## ENTRY ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

### I.   Introduction

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Plaintiffs' Motion for Summary Judgment filed May 18, 2010.[1]  (Docket Nos. 32-33).  Defendant was granted an extension of time until July 2, 2010, to respond to the Motion for Summary Judgment.  No response has been filed.

---

[1]On October 8, 2009, the parties consented to Magistrate Judge jurisdiction in this case.  (Docket No. 28).  Chief Judge Richard L. Young entered an Order of Reference on October 19, 2009.  (Docket No. 30).

**II.     Facts**

For the purposes of this motion for summary judgment, the facts in the light most favorable to the non-moving party are as follows:

Plaintiffs, Mid-Central Operating Engineers Health and Welfare Fund ("Health and Welfare Fund"), Central Pension Fund of the I.U.O.E. and Participating Employers ("Pension Fund"), I.U.O.E. Local 841 Apprenticeship and Training Trust ("Trust"), and the 841 Qualified Savings Plan ("QSP"), are employee welfare benefit plans as that term is defined in the Employee Retirement Security Act of 1974 ("ERISA").

Defendant, Performance Concrete Pumping, Inc. ("Performance Concrete"), during the relevant time periods of this action, was a signatory to collective bargaining agreements with I.U.O.E. Local Union No. 841.[2]  Under these agreements, Performance Concrete was obligated to make contributions to the Health and Welfare Fund for every hour worked by or paid to its employees covered by the terms of the contract. (Cottrell Aff. at Exs. 2, 4).  The Health and Welfare Fund acts as the collection agent for the Pension Fund, the Trust, and the QSP.  (Cottrell Aff. ¶ 2).

---

[2]Performance Concrete, in its Answer, denied that it was a party to the Collective Bargaining Agreement as alleged in plaintiffs' Amended Complaint at paragraph 5.  (*See* Amended Complaint; Amended Answer).  However, the Affidavit of Cheryl Cottrell alleges that Performance Concrete is "one of the employers who contribute to the Fund pursuant to its agreement with the International . . . ." (Affidavit of Cheryl Cottrell ("Cottrell Aff.") ¶ 3).  And, that affidavit also alleges that Performance Concrete did send reports to the Health and Welfare Fund, indicating that Performance Concrete was obligated to do so.  In the absence of any response to this motion, the court concludes that Performance Concrete is a party to the agreements attached to Cottrell's affidavit.

Many issues arise when employers do not pay their contributions to the Pension Fund in a timely manner. If the Pension Fund does not receive contributions for a particular month, federal law requires the Health and Welfare Fund to credit the affected employees' accounts with the unpaid contributions. Employees of delinquent employers can be in danger of losing their benefits because contributions from employers establish eligibility for benefits from the Health and Welfare Fund. The failure of employers to pay their contributions creates more work for the Health and Welfare Fund employers and, therefore, makes it a necessity for other participating employers to finance the cost of these extra duties. (Cottrell Aff. ¶ 6).

Plaintiffs have calculated the amounts due them on the basis of monthly reports which were submitted by Performance Concrete and based on the information of the payroll compliance audit performed by Sackrider and Company which set forth the hours worked by its covered employees during the periods indicated. (Cottrell Aff. at Ex. 1). That amount is Two Hundred Seventy-four Thousand Two Hundred One Dollars and Nine Cents ($274,201.09). The liquidated damage amounts arise from a simple mathematical computation, the delinquent contribution amounts being multiplied by fifteen percent (15%). Liquidated damage charges have been assessed in accordance with the provisions of the Trust Agreements and are also due and payable by Performance Concrete in the amount of Forty-one Thousand One Hundred Thirty Dollars and Sixteen Cents ($41,130.16). Simple interest at the rate of nine percent (9%) per annum

on the unpaid balance of the contributions is also payable by the delinquent employer in the amount of Ninety-eight Thousand Five Hundred Two Dollars and Eighty-four Cents ($98,502. 84). (Cottrell Aff. ¶ 4). Plaintiffs also are entitled to their reasonable attorney's fees incurred in maintaining this action, per provisions of ERISA Section 502(g)(2). (29 U.S.C. § 1132; Richard J. Shagley, II, Affidavit ¶ 4). The attorney's fees sought are in the amount of Two Thousand Five Hundred Dollars ($2,500.00) based on approximately 17 hours of work charged at One Hundred Forty-five Dollars ($145.00) per hour.[3]

    Plaintiffs filed this summary judgment motion arguing that Performance Concrete owed a contractual obligation to plaintiffs and a statutory obligation to pay into the Funds pursuant to Section 515 of ERISA. 29 U.S.C. § 1145.

### III. Summary Judgment Standard

Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The motion should be granted so long as no rational fact finder could return a verdict in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Thus, a court's ruling on a motion for summary judgment is

---

[3] Plaintiffs' brief seeks fees of Two Thousand Two Hundred Seventy-three Dollars and Fifty Cents ($2,273.50). However, that amount is not established by either the affidavit of Shagley or Cottrell.

akin to that of a directed verdict, as the question essentially for the court in both is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. When ruling on the motion, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences therefrom in that party's favor. *Id.* at 255. If the nonmoving party bears the burden of proof on an issue at trial, that party "must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e); *see also Silk v. City of Chicago,* 194 F.3d 788, 798 (7th Cir. 1999). Lastly, the moving party need not positively disprove the nonmovant's case; rather, it may prevail by establishing the lack of evidentiary support for that case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

**IV.     Analysis**

Based on the contractual agreement between the Health and Welfare Fund and Performance Concrete and ERISA, Performance Concrete has an obligation to honor its agreement and pay the fees specified by the Health and Welfare Fund.

ERISA provides for the manner in which contributions to a plan must be made by an employer:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.  These obligations are enforceable by the plan participants through a suit in federal court.  29 U.S.C. § 1132(a).  ERISA allows for recovery of the following:

> (A)  the unpaid contributions,
> (B)  interest on the unpaid contributions,
> (C)  an amount equal to the greater of--
>   (i) interest on the unpaid contributions, or
>   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Under these provisions, Performance Concrete is obligated to pay the monies requested by the Health and Welfare Fund.  As stated above, Performance Concrete is required to pay its contractual contributions.  ERISA also makes allowances for interest on unpaid contributions.  The Health and Welfare Fund has assessed a nine percent (9%) interest per annum on the unpaid contributions.  The court finds this not to be excessive.  The statute also allows for the recovery of liquidated damages not in excess of twenty percent (20%) of the amount in question.  As noted in the Cottrell Affidavit, the Health and Welfare Fund has assessed a fifteen percent (15%) liquidated damages fee per the contractual agreement.  This is well within the limit set by ERISA and is, therefore, a reasonable amount.

The statute also allows for the payment of reasonable attorney's fees and court costs. The Health and Welfare Fund has asserted a reasonable amount of fees and court costs.

In summary, the Health and Welfare Fund has shown that Performance Concrete has not upheld its contractual obligations. The Health and Welfare Fund is also not asking for any compensation that is not permitted under ERISA.

### V. Conclusion

For the reasons outlined above, the Plaintiffs' Motion for Summary Judgment is **GRANTED.** A separate Judgment shall enter.

**IT IS SO ORDERED.**

**Dated:** August 26, 2010

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

John W. Richards
BUNGER & ROBERTSON
jwr@lawbr.com

Richard J. Shagley II
WRIGHT SHAGLEY & LOWERY
richards@wslfirm.com